U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL -7 PM 4:14

CLERK

BY_____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ANDRE CLARKE, | ) |
|    a.k.a. "Dre," | ) |
| MICHAEL FORESTE, | ) |
|    a.k.a. "Beast," and | ) Crim No.: 2:14-cr-77-1-2-3 |
| DANNIS HACKNEY, | ) |
|    Defendants. | ) |

### THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT I

From in or about 2011 to on or about June 11, 2014, in the District of Vermont and elsewhere, the defendants, ANDRE CLARKE, a.k.a. "Dre," MICHAEL FORESTE, a.k.a. "Beast," and DANNIS HACKNEY, knowingly and willfully conspired together and with others, known and unknown to the grand jury, to distribute a mixture and substance containing a detectible amount of oxycodone, a Schedule II controlled substance.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C))

1

## COUNT II

On or about May 16, 2014, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectible amount of oxycodone, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT III

On or about June 11, 2014, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally attempted to possess with intent to distribute a mixture and substance containing a detectible amount of oxycodone, a Schedule II controlled substance.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C))

## COUNT IV

On or about April 5, 2014, in the District of Vermont and elsewhere, the defendant MICHAEL FORESTE, a.k.a. "Beast," knowingly and intentionally distributed a mixture and substance containing a detectible amount of oxycodone, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT V

On or about January 30, 2014, in the District of Vermont and elsewhere, the defendants, MICHAEL FORESTE, a.k.a., Beast, and DANNIS HACKNEY, knowingly conducted a financial transaction affecting interstate commerce, namely, deposits by HACKNEY of $2,000 into a bank account controlled by FORESTE, which involved the proceeds of specified unlawful activity, that is, conspiracy to distribute oxycodone, as alleged in Count I, with the intent to promote the carrying on of that specified unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(18 U.S.C. § 1956(a)(1)(A)(i))

## COUNT VI

On or about November 18, 2013, in the District of Vermont and elsewhere, the defendants, MICHAEL FORESTE, a.k.a., Beast, and DANNIS HACKNEY, knowingly conducted a financial transaction affecting interstate and foreign commerce, namely, deposits by HACKNEY of $6,000 into a bank account controlled by FORESTE, which involved the proceeds of specified unlawful activity, that is, conspiracy to distribute oxycodone, as alleged in Count I, with the intent to promote the carrying on of that specified unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(18 U.S.C. §§ 1956(a)(1)(A)(i))

## COUNT VII

On or about September 6, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT VIII

On or about September 10, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT IX

On or about September 18, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT X

On or about September 26, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT XI

On or about October 8, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT XII

On or about October 24, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT XIII

On or about November 6, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT XIV

On or about December 4, 2013, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT XV

On or about April 11, 2014, in the District of Vermont, the defendant, DANNIS HACKNEY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

Forfeiture Notice – No. XVI

1. The allegations contained in Count I of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 and 841(a)(1), the defendant, MICHAEL FORESTE, a.k.a. Beast, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    (a)    The 2007 black Lexus LS460, VIN JTHGL46F575015260.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;
    (2)    has been transferred or sold to, or deposited with, a third party;
    (3)    has been placed beyond the jurisdiction of the court;
    (4)    has been substantially diminished in value; or
    (5)    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

A TRUE BILL

██████████████████████████
FOREPERSON

_(signature) CHSC for ESM_

(CEN) ERIC S. MILLER
United States Attorney
Burlington, Vermont
July 7, 2015